NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL TEJADA RAUDA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-583 Agency No. A206-633-146 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 3, 2023**
San Francisco, California

Before: McKEOWN, CALLAHAN, and LEE, Circuit Judges.

Samuel Tejada Rauda, a Salvadoran citizen, petitions for review of the

Board of Immigration Appeals' ("BIA") final removal order affirming an

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts, we do not recount them here.

Substantial evidence supports the BIA's determination that Tejada Rauda failed to meet his burden to establish past harm rising to the level of persecution. *See Padash v. I.N.S.*, 358 F.3d 1161, 1165 (9th Cir. 2004). Tejada Rauda argues that the record established past persecution. Tejada Rauda introduced evidence that members of the MS-13 gang threatened and extorted his extended family for money and twice approached him to join the gang. Tejada Rauda also alleged that his uncle was murdered in El Salvador and that an unnamed cousin was kidnapped and beaten by someone dressed as a police officer, though he was not present for either incident, did not identify any perpetrators, and did not claim that these crimes were in any way related to him. In finding that these facts did not amount to persecution, the BIA did not, contrary to Tejada Rauda's contention, rely *solely* on the fact that Tejada Rauda was not physically harmed by the gang. Though the BIA rightly considered his lack of physical harm as a factor, it took into account the totality of the gang's actions against him and concluded that the facts, while unfortunate, did not establish harm rising to the level of past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (a finding of past persecution depends on an inquiry into "whether, looking at the cumulative effect

22-583

of all the incidents that a [p]etitioner has suffered, the treatment he received rises to the level of persecution," wherein "[t]he first, and often a significant consideration, is whether the petitioner was subject to 'significant physical violence'" (first quoting *Gormley v. Ashcroft*, 364 F.3d 1172, 1176–77 (9th Cir. 2004); and then quoting *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016–17 (9th Cir. 2003))).  As we have "repeatedly held," persecution is "an extreme concept," and the record does not compel a contrary conclusion.  *Id.* at 1060.

Substantial evidence also supports the BIA's determination that Tejada Rauda failed to show that he has a well-founded fear of future persecution.  "In the absence of past persecution, an applicant may still be eligible for asylum based on a well-founded fear of future persecution," provided that the "well-founded fear 'must be both subjectively genuine and objectively reasonable.'"  *Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (quoting *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007)).  "The subjective component requires a showing that the alien's fear is genuine.  The objective component requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution."  *Diaz-Escobar v. I.N.S.*, 782 F.2d 1488, 1492 (9th Cir. 1986).  The BIA found no evidence that Tejada Rauda would encounter the same gang members if returned to El Salvador, and no direct or specific evidence that he faces an objectively reasonable fear of future persecution.  *See*

*Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (fear of persecution that is "too speculative" cannot support an asylum claim). This record does not compel a contrary conclusion, and the BIA therefore properly denied Tejada Rauda's asylum claim.

The BIA also did not err in its determination that Tejada Rauda's proposed social group is not sufficiently cognizable. "[A]n applicant seeking relief based on membership in a particular social group must establish that the group is: '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Diaz Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

Tejada Rauda states that the gang targeted him because of his membership in the social group of young males actively opposed to gang membership or recruitment. The BIA appropriately determined, however, that youth is not an entirely immutable characteristic because by its very nature, it is a temporary state that changes over time. Substantial evidence also supports the BIA's conclusion that Tejada Rauda failed to show that his proposed social group, which includes a broad spectrum of Salvadoran society, "can be defined with sufficient particularity to delimit its membership." *Donchev v. Mukasey*, 553 F.3d 1206, 1215–16 (9th Cir. 2009) (quoting *Santos-Lemus v. Mukasey*, 542 F.3d 738, 744 (9th Cir. 2008));

*Santos-Lemus*, 542 F.3d at 745–46 (proposed social group of young men in El Salvador who resist gang violence lacks particularity), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Finally, substantial evidence supports the BIA's determination that Tejada Rauda failed to show that the group is socially distinct, *i.e.*, that it "would be recognized, in the society in question, as a discrete class of persons." *Henriquez-Rivas*, 707 F.3d at 1091 (quoting *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (B.I.A. 2008)). Relatedly, no evidence showed that Tejada Rauda spoke out or took any action against the gang other than refusing to join. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020). The BIA thus did not err in concluding that Tejada Rauda's proposed social group is not cognizable. Because he presented no evidence that the gang's activities against him were "on account of" any other statutorily protected grounds,[1] his claim for asylum fails on this additional basis. *See* 8 U.S.C. § 1101(a)(42)(A).

Because Tejada Rauda did not meet the lesser burden of establishing his eligibility for asylum, he necessarily failed to meet the more stringent "clear

---

[1] Tejada Rauda also argues, for the first time, that his membership in his immediate family unit—which includes his murdered uncle—qualifies as a particular social group. Because Tejada Rauda failed to raise this argument before the BIA, we decline to consider it. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 418–19 (2023) (holding that 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule).

probability" burden required for withholding of removal. *Al-Harbi v. I.N.S.*, 242 F.3d 882, 888–89 (9th Cir. 2001). The BIA therefore properly affirmed denial of his application for withholding of removal.

Finally, substantial evidence supports the BIA's determination that Tejada Rauda is ineligible for protection under the CAT. To qualify for CAT relief, Tejada Rauda carries the burden of establishing that it is "more likely than not that he . . . would be tortured if removed," and that public officials would either carry out or "knowingly acquiesce[] in" the torture. *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (citing 8 C.F.R. § 208.16(c)(2)). Tejada Rauda introduced evidence that Salvadoran authorities have been generally ineffective in fighting criminal activity by gangs, as well as reports of incidents of police mistreatment and corruption. But no evidence showed that Tejada Rauda suffered any mistreatment amounting to torture while residing in El Salvador. *See Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005) ("Past torture is the first factor we consider in evaluating the likelihood of future torture . . . ."). Tejada Rauda also never filed police reports or informed authorities of his encounters with gangs, nor did he express any particularized fear of being tortured by Salvadoran authorities. On this record, the BIA did not err in concluding that Tejada Rauda failed to show that it is more likely than not that he will be tortured by or with the consent or

acquiescence of a public official in El Salvador.  Denial of CAT relief was therefore proper.

**PETITION DENIED.**